IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI LYNN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00047-JD |
| | ) |
| LELAND DUDEK, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation ("R. & R.") issued on September 20, 2024. [Doc. No. 13].

Judge Erwin recommends that the Court affirm the decision of the Commissioner. [Doc. No. 13 at 25]. Plaintiff Kelli Lynn Anderson ("Plaintiff") has filed a timely objection. [Doc. No. 14]. The Court, therefore, must make a *de novo* determination regarding the issues raised in Plaintiff's objection and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

For the reasons outlined below, the Court adopts the R. & R. with one modification.

I.   **BACKGROUND**

The Commissioner's decision that Plaintiff is not disabled is set forth in a written decision issued by an Administrative Law Judge (the "ALJ") after an evidentiary hearing. [Doc. No. 5-2]. The ALJ found that Plaintiff has the following severe impairments:

obesity, hypertension, disorders of the spine, arthropathy of the bilateral knees, and diabetes mellitus. [*Id.* at 45].[1] The ALJ found those impairments significantly limit Plaintiff's ability to perform basic work activities. [*Id.*]. The ALJ also found that Plaintiff has the following non-severe impairments: thyroid dysfunction, hyperlipidemia, vision loss, obstructive sleep apnea, hearing loss, generalized anxiety disorder, and major depressive disorder. [*Id.* at 46]. The ALJ determined the following:

> [Plaintiff] had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally operate foot controls with the lower extremities bilaterally, but should avoid unprotected heights and hazardous machinery. She should avoid concentrated exposure to extreme heat and extreme cold, avoid concentrated exposure to dust, fumes, gases, odors, other pollutants, and poor ventilation. She should avoid rough, uneven, and vibrating surfaces, and she should work in an environment with office level noise.

[*Id.* at 48]. The ALJ concluded that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy . . ." including insurance clerk and clerk, private company. [*Id.* at 54].

> Plaintiff raises the following, seven objections to the R. & R. [Doc. No. 14]:

1. Plaintiff objects to the Magistrate Judge's findings concerning her abilities to sit, stand, walk, climb, squat, kneel, crouch, and crawl, asserting that the ALJ failed to adequately discredit her testimony [*id.* at 1–3];

---

[1] For purposes of this Order, the Court cites to the page number at the top of the CM/ECF document.

2. Plaintiff objects to the Magistrate Judge's findings regarding the ALJ's consideration of her visual impairment at Step Five, contending that the error is not harmless [*id.* at 3–5];

3. Plaintiff objects to the Magistrate Judge's conclusion that the consultative examiner's opinion is not a medical opinion, arguing that the ALJ's analysis of this medical evidence is ambiguous, inconsistent, and illogical [*id.* at 5–6];

4. Plaintiff objects to the Magistrate Judge's findings on obesity, arguing that the consideration given to it was insufficient [*id.* at 6–7];

5. Plaintiff contests the Magistrate Judge's conclusions regarding the sit/stand option, noting that evidence supports this finding and that her testimony has not been properly discredited [*id.* at 7–9];

6. Plaintiff objects to the Magistrate Judge's findings concerning transferable skills, as there is no evidence demonstrating how those skills are transferable, and other evidence suggests the need for vocational adjustment [*id.* at 9–12]; and

7. Plaintiff objects to the Magistrate Judge's findings related to the consideration of her age, emphasizing that there are still requirements, albeit lower, for individuals closely approaching advanced age, along with evidence suggesting vocational adjustment [*id.* at 12–13].

For the reasons outlined below, and with its modification noted, the Court agrees with Judge Erwin's findings and concurs with his recommendation affirming the Commissioner's decision.

## II.    ANALYSIS

As discussed above, the Court makes a *de novo* determination regarding the issues raised in Plaintiff's objection and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

> **A.      The ALJ did not fail to adequately evaluate Plaintiff's testimony regarding her ability to sit, stand, walk, climb, squat, kneel, crouch, and crawl.**

In Plaintiff's first objection, she states that the ALJ's residual functional capacity ("RFC") finding directly conflicts with Plaintiff's own testimony regarding her abilities. [Doc. No. 14 at 2]. Specifically, Plaintiff contends the ALJ's finding that Plaintiff can "occasionally climb ramps and stairs" and "occasionally balance, stoop, kneel, crouch, and crawl" conflicts with Plaintiff's testimony that she cannot do those things. [*Id.*].

At Step Four, the ALJ must determine if the claimant has the RFC to perform the requirements of her past relevant work. In order to do so, the ALJ must determine the claimant's RFC, which is her ability to perform physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545; SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). In evaluating the ALJ's consideration of Plaintiff's subjective complaints in connection to determining her RFC, the Court acknowledges that "[c]redibility assessments are peculiarly within the province of the factfinder, i.e., the ALJ, and will not be disturbed when supported by substantial evidence." *Peterson v. Astrue*, No. CIV-07-1117-R, 2008 WL 5429616, at *2 (W.D. Okla. Dec. 30, 2008) (citing *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

Judge Erwin identifies the correct two-step analysis for evaluating Plaintiff's subjective allegations in his R. & R. [Doc. No. 13 at 5]. Under that framework, in addition to Plaintiff's statements regarding her symptoms, the Court must consider the objective medical evidence, information from medical sources, medical opinion, and any other relevant evidence in the record. [*Id.*]. The regulations also direct the ALJ to

4

consider seven factors to evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms. [*Id.* at 5–6]. In considering those factors, "the ALJ is not required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record." *McCollum v. Saul*, No. CIV-19-0211-G, 2019 WL 7480508, at *3 (W.D. Okla. Nov. 26, 2019), *report & recommendation adopted*, *McCollum v. Saul*, No. CIV-19-211-G, 2020 WL 50717 (W.D. Okla. Jan. 3, 2020), (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) and *Luna v. Bowen*, 834 F.2d 161, 166 (10th Cir. 1987)). The Court's role in examining the ALJ's consideration of Plaintiff's subjective complaints is whether the ALJ's findings regarding Plaintiff's symptoms are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotations and citations omitted).

The Court concludes that Judge Erwin correctly finds that the ALJ considered Plaintiff's subjective complaints regarding her symptoms and determined that Plaintiff's statements regarding her symptoms are not consistent with the evidence. [Doc. No. 13 at 6–7]. The ALJ outlined Plaintiff's testimony regarding the symptoms Plaintiff cites in her objection. [*Id.* at 6]. The ALJ also outlined the objective evidence that contradicted Plaintiff's statements, including lack of medical treatment, reports that surgery successfully relieved her symptoms, reports that medication was successful in treating her symptoms, and the results of mental and physical examinations. [*Id.* at 7]. The ALJ further cited that Plaintiff's daily activities did not support her testimony regarding her symptoms. [*Id.*].

5

Accordingly, the Court concludes that the ALJ satisfied her responsibility to "evaluate the intensity and persistence of [Plaintiff's] symptoms . . . [to] determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017); *see* 20 C.F.R. § 404.1529(c). The ALJ's findings are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett*, 395 F.3d at 1173 (quotations and citations omitted).

Additionally, the Court agrees with Judge Erwin's conclusion that, to the extent the ALJ did err in not giving proper weight to Plaintiff's testimony regarding her ability to "occasionally climb ramps and stairs" and "occasionally balance, stoop, kneel, crouch, and crawl," the error is harmless because the jobs the ALJ found Plaintiff could perform do not require those activities. [Doc. No. 13 at 8–9]. The Dictionary of Occupational Titles specifically states that, for the jobs of insurance clerk and private clerk the activities of balancing, stooping, kneeling, crouching, crawling, and climbing "[do] not exist." Dictionary of Occupational Titles ("DOT") # 219.367-014, 1991 WL 671968; DOT # 219.387-014, 1991 WL 671978.

**B.     The ALJ adequately considered Plaintiff's visual impairment.**

Plaintiff next objects to Judge Erwin's finding that the ALJ adequately considered Plaintiff's visual limitation at Step Five. [Doc. No. 14 at 3–4]. At Step Five, the ALJ must determine if the claimant can perform any other work considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1512, 404.1560(c). The Court agrees with Judge Erwin's assessment that the ALJ considered Plaintiff's non-severe, visual

6

impairment by discussing Plaintiff's visual limitations and by stating she considered all non-severe impairments when assessing the RFC. [*See* Doc. No. 13 at 9–10].

Plaintiff also objects to footnote 5 of the R. & R., stating the court supplied a finding regarding the number of jobs in the national economy that the ALJ did not make. [Doc. No. 14 at 4–5]. In footnote 5, Judge Erwin notes, to the extent the ALJ erred in considering Plaintiff's visual impairment, that error is harmless because Plaintiff concedes she can perform the job of clerk, private company. [Doc. No. 13 at 10 n.5]. The footnote goes on to state that the ALJ noted that 50,000 such jobs exist in the national economy, a number the court found significant. [*Id.*]. Plaintiff argues that the ALJ did not find that the number of jobs for clerk, private company existed in significant numbers in the national economy and that the court improperly supplied that conclusion. [Doc. No. 14 at 4–5]. The ALJ did conclude that the jobs she found Plaintiff could perform exist in significant numbers in the national economy. [Doc. No. 5-2 at 54 (stating "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy . . . .")]. However, the ALJ's Decision is unclear whether the ALJ found that the job of clerk, private company, *alone*, exists in significant numbers in the national economy, as opposed to in combination with the job of insurance clerk. [*See id.*]. In many such circumstances when the ALJ's decision is unclear regarding whether an individual job exists in significant numbers, courts remand to the ALJ for further determination. *See, e.g.*, *Evans v. Colvin*, 640 F. App'x 731, 735 (10th Cir. 2016) (unpublished) (finding that

courts typically must remand to ALJ to determine if a job exists in significant numbers in the national economy, unless the number of jobs was "significant as a matter of law").

However, in this case, Judge Erwin's decision regarding the ALJ's consideration of Plaintiff's visual impairment does not depend on whether the job of clerk, private company exists in significant numbers in the national economy. Judge Erwin only noted that, even *if* the ALJ erred by failing to consider Plaintiff's visual impairment, the error was harmless because Plaintiff concedes she can perform the job of clerk, private company, a job the court concluded exists in significant numbers in the national economy. [Doc. No. 13 at 10 n.5]. But the R. & R. already had concluded that the ALJ adequately considered Plaintiff's visual impairment. [*Id.* at 9–10]. Accordingly, remand is unnecessary, and the Court modifies the R. & R. to exclude footnote 5.

### C. The ALJ did not err by finding the consultative examiner did not issue a medical opinion.

Plaintiff next contends that Judge Erwin incorrectly concluded that the consultative examiner's (Ms. Clarkson) opinion was not a medical opinion. [Doc. No. 14 at 5–6]. The ALJ is required to explain the persuasiveness or supportability of medical opinions, which she did not do for the consultive examiner's opinion. [*See id.*]. Judge Erwin concluded the ALJ did not err in failing to explain the persuasiveness or supportability of Ms. Clarkson's opinion because it did not constitute a medical opinion. [Doc. No. 13 at 12–13]. In the Court's *de novo* review of the issue, the Court determines Judge Erwin identified the correct definition of a medical opinion, and as applied to Ms.

Clarkson's report, it does not meet the definition because she did not opine regarding Plaintiff's ability to perform the demands of work activities. [*See id.*].

### D. The ALJ adequately considered the impact of Plaintiff's obesity.

Plaintiff's next objection to the R. & R. is that Judge Erwin incorrectly concluded that the ALJ gave sufficient consideration to Plaintiff's obesity. [Doc. No. 14 at 6]. Plaintiff argues that the ALJ did not properly discuss how obesity influenced her functional limitations or restrictions. [*Id.* at 6–7].

As noted by the R. & R., the ALJ had to consider the limiting effects of Plaintiff's obesity on the RFC and explain how she reached her conclusion regarding whether obesity caused any limitations. SSR 19-2p, 2019 WL 2374244, at *4 (May 20, 2019). The ALJ is required to not make any assumptions about the effect of obesity combined with other impairments but to instead assess based on the particular facts of record. *Id.*

The Court agrees with the conclusion of the R. & R. that the ALJ adequately considered the limiting effects of Plaintiff's obesity and explained how it affected her decision regarding Plaintiff's limitations. [*See* Doc. No. 13 at 14–15]. The Court also notes that Plaintiff does not identify what effects obesity has upon her that were part of the record that the Court did not consider when determining her RFC. [*See* Doc. No. 7 at 22–24 (discussing potential effects of obesity as outlined by the Social Security Regulations and how obesity *may* affect Plaintiff); Doc. No. 14 at 6–7 (failing to raise facts of record the ALJ did not consider regarding Plaintiff's obesity)]. As noted in the R. & R., the ALJ noted obesity may exacerbate or complicate her other impairments and cited Plaintiff's obesity when finding her RFC and limitations. [Doc. No. 13 at 14–15].

As the R. & R. also noted, the ALJ accounted for and linked Plaintiff's obesity with her conditions of hypertension, disorders of the spine, arthropathy of the bilateral knees, and diabetes mellitus when discussing her limitations. [*Id.* at 15]; *see also* [Doc. No. 5-2 at 52].

The Court notes that the Tenth Circuit has found that the ALJ adequately addressed a claimant's obesity in similar circumstances. *See, e.g.*, *Razo v. Colvin*, 663 F. App'x 710, 716 (10th Cir. 2016) (unpublished) (concluding the ALJ sufficiently considered a claimant's obesity when "[t]he ramifications of obesity are subsumed within the discussion of [the claimant's] other medical conditions" and where the claimant did not cite evidence to support his position); *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015) (unpublished) (finding the ALJ adequately considered the claimant's severe impairment of obesity even though the ALJ did not specifically discuss it in his RFC analysis and declining to impose a requirement that the ALJ "note the absence of any evidence that her obesity resulted in additional functional limitations or exacerbated any other impairment"); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (unpublished) (determining ALJ gave the claimant's obesity adequate consideration when he said he evaluated it and because the claimant "does not discuss or cite to any evidence showing that obesity further limited his ability to perform a restricted range of sedentary work").

Accordingly, the Court agrees with the R. & R.'s conclusion that the ALJ adequately addressed Plaintiff's obesity.

> **E.      The Court agrees with Judge Erwin's conclusions regarding a sit/stand option.**

Plaintiff next objects to the R. & R. because she contends Judge Erwin incorrectly required the ALJ to find that Plaintiff required alternating between sitting and standing in order to consider such an option. [Doc. No. 14 at 7]. Plaintiff asserts that the record supports such an option, and thus the ALJ should have at least discussed it as part of Plaintiff's RFC. [*Id.* at 8].

The Court's role in reviewing an ALJ's findings is not to reweigh the evidence. As outlined fully in the R. & R., the ALJ discredited much of the testimony regarding Plaintiff's need for a sit/stand option. [*See* Doc. No. 13 at 15–17]. Because the ALJ did not find the evidence supported the need for a sit/stand option and specifically discussed her discreditation of the evidence supporting the need for a sit/stand option, the Court concludes she satisfied her obligation and did not have to further discuss it when formulating the RFC.

The Court agrees with the R. & R. that Plaintiff's reliance on the cases she cites is misplaced because in those cases the ALJ did not discredit the medical evidence regarding a sit/stand option and instead actually expressed agreement with those opinions. *See Maynard v. Astrue*, 276 F. App'x 726, 729–30 (10th Cir. 2007) (unpublished) (discussing that, although the ALJ expressed agreement with State agency medical consultants who opined the claimant needed a sit/stand option, the ALJ did not discuss that limitation when formulating claimant's RFC); *Gaspardo v. Colvin*, No. 2:14-CV-00737-PMW, 2016 WL 4133525, at *3 (D. Utah Aug. 3, 2016) (unpublished). The

Court does not find that the cases cited by Plaintiff or the applicable regulation support Plaintiff's position that the ALJ is required to discuss a sit/stand option as part of Plaintiff's RFC when the ALJ finds that substantial evidence does not support a need for such an option.

      F.      **The ALJ gave proper consideration to Plaintiff's transferable skills**.

Plaintiff's next objection to the R. & R. is that she objects to Judge Erwin's findings regarding Plaintiff's transferable skills, specifically she argues the ALJ did not adequately develop the record regarding the skills Plaintiff obtained from her past work. [Doc. No. 14 at 9].

At Step Five, the ALJ determines whether a claimant can perform other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). "When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." *Id.* at 1185; *see also* SSR 82-41, 1982 WL 31389, at *7 (Jan. 1, 1982).

The Court agrees with Judge Erwin's assessment that the ALJ adequately developed the record regarding the skills Plaintiff acquired from her past work experience. [*See* Doc. 13 at 20–21 (outlining evidence of record regarding Plaintiff's skills)]. The ALJ then properly asked the Vocational Expert ("VE") what jobs Plaintiff might perform considering the specific skills she had acquired. [*Id.* at 21]. The Court does not find support in either caselaw or the Social Security regulations for Plaintiff's

assertion that the ALJ was required to inquire about a "vocational adjustment" pertaining to Plaintiff's age based on the testimony of the VE. [*See* Doc. No. 14 at 11 (asserting that, because the VE testified that "no jobs were available for someone of Plaintiff's age unless 'there was a significant adjustment period' . . . the ALJ should have been required to inquire about vocational adjustment . . .")].[2]

The Court concludes the ALJ also properly addressed the fact that Plaintiff is "closely approaching advanced age." The Medical-Vocational Guidelines are a framework for disability determination to guide the ALJ to determine the types and numbers of jobs that exist for certain classes of claimants. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. The ALJ correctly applied the Medical-Vocational guidelines taking into account Plaintiff's age. *See id.*; *see also* [Doc. No. 5-2 at 54–55]. In addition, the ALJ can address a claimant's age by posing a hypothetical to the VE that includes the claimant's age. *See, e.g.*, *Cochran v. Colvin*, No. CIV-13-1238-F, 2015 WL 1308381, at *3 (W.D. Okla. Mar. 23, 2015) (unpublished) (concluding ALJ correctly determined occupations claimant could perform by asking the VE about hypothetical jobs someone of claimant's age, work performance, education, and RFC could perform). The ALJ

---

[2] Plaintiff places much emphasis upon the VE's statement that "[t]here would not be any [transferability of skills] *if there was a significant adjustment period*[.]" [Doc. No. 5-2 at 90 (emphasis added)]. The VE made that statement in response to the question "[d]o we have any transferability of skills to light or sedentary occupations?" [*Id.*]. Although it is unclear what the VE meant by the response, the ALJ went on to break the question down and separately ask the VE if Plaintiff had transferable skills to light work and/or transferable skills to sedentary work. [*Id.*]. The VE unequivocally responded that Plaintiff has transferable skills to sedentary work, negating Plaintiff's argument pertaining to the VE's statement about "a significant adjustment period." [*See* Doc. No. 14 at 11].

13

directly identified the category of Plaintiff's age when posing hypotheticals to the VE. [Doc. No. 5-2 at 90 (questioning the VE regarding the transferability of skills and identifying Plaintiff as someone "closely approaching advanced age); *id.* at 90–91 (questioning the VE regarding occupations Plaintiff could perform and again identifying Plaintiff as someone "closely approaching advanced age)].

The Court, therefore, concludes the ALJ properly considered the Plaintiff's age.

### G.     The ALJ Properly Considered Plaintiff's Age.

For the reasons outlined in the subsection above, the Court concludes, in agreement with the R. & R., that the ALJ properly considered Plaintiff's age.

### III.    CONCLUSION

For the reasons outlined above, the Court modifies the Report and Recommendation to strike footnote 5 and adopts the remainder of the Report and Recommendation in its entirety. Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 13] as modified and **AFFIRMS** the decision of Defendant. A separate judgment in favor of Defendant will follow.

IT IS SO ORDERED this 3rd day of April 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE